UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

RANIA BAHDOUCHI,

    Plaintiff,

v.                                                   Case No.  8:16-cv-2869-T-24 TGW

FLA REO, INC. d/b/a Realty
Executives, d/b/a Sigler Properties,
GERALD P. SIGLER aka Jerry P.
Sigler, Jr., aka Jerry Sigler,

    Defendants.
_____/

## ORDER

This cause comes before the Court on Defendant FLA REO, Inc.'s Motion to Set Aside Clerk's Default. (Doc. No. 14).  Plaintiff opposes the motion. (Doc. No. 15).

Defendant FLA REO, Inc. was served on October 18, 2016.  On November 9, 2016, Plaintiff moved for entry of default, which the Clerk granted.  On November 14, 2016, defense counsel filed a notice of appearance and then moved to set aside the default the next day.

Pursuant to Federal Rule of Civil Procedure 55(c), this Court may set aside the entry of default for good cause.  "Good cause" does not have a precise definition, as explained by the Eleventh Circuit:

> "Good cause" is a mutable standard, varying from situation to situation. It is also a liberal one-but not so elastic as to be devoid of substance.  We recognize that "good cause" is not susceptible to a precise formula, but some general guidelines are commonly applied. Courts have considered whether the default was culpable or willful, whether setting it aside would prejudice the adversary, and whether the defaulting party presents a meritorious defense. . . . Whatever factors are employed, the imperative is that they be regarded simply as a means of identifying circumstances which warrant the finding of

>"good cause" to set aside a default. However, if a party willfully defaults by displaying either an intentional or reckless disregard for the judicial proceedings, the court need make no other findings in denying relief.

<u>Compania Interamericana Export-Import, S.A. v. Compania Dominicana de Aviacion</u>, 88 F.3d 948, 951-52 (11th Cir. 1996)(internal citations and quotation marks omitted). Upon review of the record, the Court finds that Defendant FLA REO, Inc. has shown good cause for its failure to respond to the complaint. Furthermore, the Court prefers to reach the merits of the case as opposed to decide it on a technicality.

Accordingly, it is ORDERED AND ADJUDGED that:

(1) Defendant FLA REO, Inc.'s Motion to Set Aside Clerk's Default (Doc. No. 14) is **GRANTED.**

(2) The Clerk is directed to **VACATE** (Doc. No. 11) the entry of default judgment.

(3) Plaintiff's Motion for Default Judgment (Doc. No. 12) is **DENIED AS MOOT**.

(4) Defendant FLA REO, Inc. is directed to file a response to the complaint by November 23, 2016.

**DONE AND ORDERED** at Tampa, Florida, this 16th day of November, 2016.

SUSAN C. BUCKLEW
United States District Judge

Copies to:
Counsel of Record