UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

RANIA BAHDOUCHI,

      Plaintiff,

v.                                          Case No. 8:16-cv-2869-T-24 TGW

FLA REO, INC. d/b/a Realty
Executives, d/b/a Sigler Properties,
GERALD P. SIGLER aka Jerry P.
Sigler, Jr., aka Jerry Sigler,

      Defendants.
_____/

## **ORDER**

      This cause comes before the Court on Plaintiff's Motion for Summary Judgment. (Doc. No. 68). Defendants oppose the motion (Doc. No. 72), and Plaintiff has filed a reply brief (Doc. No. 74). The Court held a hearing on the motion on September 22, 2017. Because genuine issues of material fact exist, the Court denies Plaintiff's motion.

## **I. Background**

      The Court recites the following facts construed in the light most favorable to Defendants. Plaintiff Rania Bahdouchi was good friends with Defendant Gerald Sigler, and both were in the real estate business. In September of 2013, Plaintiff and Sigler came to an agreement, whereas Plaintiff agreed to do the bookkeeping and billing for Sigler's company, Defendant FLA REO, Inc. (Doc. No. 68-1, p. 16–18). They also agreed that Plaintiff would be paid $20 per hour. (Doc. No. 68-1, p. 32–33). However, according to Defendants (and disputed by Plaintiff), the $20 per hour compensation amount was to be offset by Defendants waiving any amounts that

Plaintiff owed them for buyer referrals.[1]  (Doc. No. 68-1, p. 16–18, 32–33, 64, 70, 75–76).  Also according to Defendants (and disputed by Plaintiff), Plaintiff was able to use Defendants' office, FedEx, fax, and employees for her real estate business (although Plaintiff had her own office elsewhere). (Doc. No. 68-1, p. 18, 45–46).  Because of this arrangement, Defendants did not have Plaintiff fill out a time card or otherwise keep track of her hours.[2] (Doc. No. 68-1, p. 16–17, 19, 37–38, 56).  However, by January of 2016, Defendants decided that they did not want to continue with this arrangement and had Plaintiff fill out time cards documenting her work hours so that she could be paid $20 per hour.  (Doc. No. 68-1, p. 16–17, 19, 33, 37–39, 78).

According to representations made by counsel at the hearing, the parties dispute whether Defendants ever paid Plaintiff $20 for any of the hours that she worked after September of 2013. Likewise, the parties dispute whether Plaintiff paid Defendants for any of the buyer referrals that she received after September of 2013.

On October 11, 2016, Plaintiff filed suit against Defendants.  In her amended complaint, Plaintiff asserts three claims: (1) a Fair Labor Standards Act ("FLSA") overtime claim, (2) a Florida minimum wage claim, and (3) a Florida unpaid wages claim.  (Doc. No. 23).

## II.  Motion for Summary Judgment

Plaintiff moved for summary judgment as to liability, asking the Court to find that she was an employee and was not paid for her work.  It is undisputed that Plaintiff did bookkeeping

---

[1] Plaintiff previously paid Defendants a 35% buyer referral fee. (Doc. No. 68-1, p. 16–17, 33, 75).

[2] Plaintiff, however, kept her own personal time records. (Doc. No. 8).

and billing for Defendants from September 2013 through March of 2016.[3] (Doc. No. 68-1, p. 25, 39). However, Defendants now argue that Plaintiff was an independent contractor, and as such, she is not entitled to the FLSA's overtime protection or Florida's minimum wage protection. Plaintiff conceded at the hearing that if she is found to be an independent contractor, all three of her claims will fail.

At the hearing, the parties addressed the issue of whether Plaintiff was an employee or an independent contractor. Under the FLSA, the Court looks at the economic reality of the relationship between the parties in order to determine whether their relationship demonstrates that Plaintiff is dependent on Defendants such that she should be classified as an employee. See Scantland v. Jeffry Knight, Inc., 721 F.3d 1308, 1311 (11th Cir. 2013). In making such a determination, six factors are considered:

> (1) the nature and degree of the alleged employer's control as to the manner in which the work is to be performed;
> 
> (2) the alleged employee's opportunity for profit or loss depending upon his managerial skill;
> 
> (3) the alleged employee's investment in equipment or materials required for his task, or his employment of workers;
> 
> (4) whether the service rendered requires a special skill;
> 
> (5) the degree of permanency and duration of the working relationship;
> 
> (6) the extent to which the service rendered is an integral part of the alleged employer's business.

Id. at 1311–12.

At the hearing, the parties addressed these factors and the overriding consideration of

---

[3] Plaintiff contends that she performed work for Defendants through September 23, 2016. (Doc. No. 8).

economic dependence, and it is clear to the Court that these factors are both factually and legally disputed. As previously noted, there is a factual dispute as to the terms of the parties' verbal agreement regarding their arrangement. As such, summary judgment is not appropriate.

### III. Conclusion

Accordingly, it is ORDERED AND ADJUDGED that:

(1)  Plaintiff's Motion for Summary Judgment (Doc. No. 68) is **DENIED.**

(2)  Each party may file *one* motion in limine containing all of their arguments in a single document not to exceed 25 pages by *November 15, 2017*. Responses thereto must be filed by *November 29, 2017*.

(3)  The parties' joint pretrial statement must be filed by *December 8, 2017.*

(4)  This case is set for trial on the Court's January 2018 trial calendar.

**DONE AND ORDERED** at Tampa, Florida, this 22nd day of September, 2017.

SUSAN C. BUCKLEW
United States District Judge

Copies to:
Counsel of Record